**NOT RECOMMENDED FOR PUBLICATION**
File Name: 07a0267n.06
Filed: April 10, 2007

No. 06-4293

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JANET CAMPBELL, | ) | |
| | ) | |
| **Plaintiff-Appellant** | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| C O M M I S S I O N E R   O F   S O C I A L | ) | NORTHERN DISTRICT OF OHIO |
| SECURITY, | ) | |
| | ) | |
| **Defendant-Appellee** | ) | |
| | ) | |
| | ) | |

**BEFORE:** **MERRITT and MARTIN, Circuit Judges; and FORESTER, District Judge.**[*]

**MERRITT, Circuit Judge.** The plaintiff, born in 1940, appeals from a denial of her

application for Social Security benefits alleging an onset date of August 21, 2001. She raises the

single issue of "whether substantial evidence supports the decision of the ALJ" on January 26, 2005.

*See Kirk v. Secretary*, 667 F.2d 524, 535 (6th Cir. 1981), for a detailed explanation of our

"substantial evidence standard" of review of a district court's judgment affirming an ALJ decision

in such disability cases. Plaintiff claims that the ALJ and the district court erred in concluding that

---

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

her numerous physical problems,[2] in combination, did not prevent her from returning to her previous work as a receptionist. She does not contest the district court's interpretation of the record that she was able to perform many normal lifetime activities:

> During a typical day, Plaintiff drove her grandchildren to school, watched television, read the newspaper, spoke on the telephone, dressed herself (though she had some trouble taking off her brassiere), did light housework (*e.g.*, vacuuming, washing dishes, cooking), and exercised on her treadmill (Tr. 474, 495-96, 497, 499). She indicated she wrote notes a couple times a week, did a word search puzzles [sic] twice a week, attended church, and played computer solitaire (Tr. 498, 500). She also testified she took a trip two years prior to the [April 8, 2004] hearing in which she was driven to South Carolina (Tr. 475).

(Joint App. 14.) Normally one would expect that a person who can perform these lifetime activities would be able to work as a receptionist, and the expert medical evidence does not undermine this common sense impression.

On the main question presented on appeal — whether the ALJ failed to properly consider all of plaintiff's ailments in combination — we agree with the district court that the ALJ errors were minor in nature and not substantial enough to change the outcome of the case. In a comprehensive, clear and well-considered opinion, with which we agree, the district court concluded as follows:

> Plaintiff, thus, cannot establish that had the ALJ fully adopted her limitation regarding her need to change position at will, her benefits claim would have had a different outcome, as the VE testified she still would be able to perform her past relevant work [receptionist] even when this limitation was included in her RFC. Consequently, neither remand nor reversal are warranted on this basis.

---

[2] Plaintiff's alleged physical problems were summarized by the district court as consisting of: "degenerative changes in the cervical and lumbar spines, back pain which radiated down her right side, neck pain which radiated into her shoulders, bilateral carpal tunnel syndrome, osteoarthritis of the knees, bilateral knee pain, hypertension, diabetes, and hyperthyroidism (Tr. 47-49)." (Joint App. 5.)

For these and the other reasons fully explained by the district court, we agree that substantial

evidence supports the ALJ decision; and we, therefore, affirm the judgment of the district court.